Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered September 5, 2012, which, in this CPLR article 78 proceeding, denied petitioners’ application for an order preliminarily and permanently enjoining respondents from conducting meetings or taking any action without a quorum of two thirds of all members of respondent Board of Directors of Concourse Village, Inc., and rescinding and annulling all of the Board’s past actions taken without a two-thirds quorum, unanimously affirmed, without costs.
The Board has 13 members, of whom five are the petitioners here and eight are individual respondents. The parties dispute whether the Board may act only with a supermajority quorum of two thirds (i.e., nine) of its members, as petitioners contend, or by a simple majority (i.e., seven), as respondents maintain. This dispute, in turn, hinges on whether Business Corporation Law § 707 or Not-For-Profit Corporation Law § 707 governs Board quorum requirements. Business Corporation Law § 707 provides that supermajority quorum requirements for the Board of a subject corporation may be effected only through its certificate of incorporation (COI). N-PCL 707, however, permits a supermajority quorum requirement to be imposed through the corporate bylaws. Concourse Village’s COI has never made provision for any supermajority quorum, but its bylaws have been amended to provide for the Board to act only when two thirds of its members are present.
In contending that the N-PCL governs, petitioners rely on Private Housing Finance Law § 13-a, which provides, in pertinent part, that “[N-PCL] applies to every company heretofore or hereafter formed under [the Limited-Profit Housing Companies Law] and the [N-PCL]” (Private Housing Finance Law § 13-a [1]). Although Concourse Village was formed pursuant to the Limited-Profit Housing Companies Law (LPHCL), contrary to petitioners’ contentions, Concourse Village’s formative history indicates that it was never formed under the N-PCL.
Indeed, as stated in its original COI, Concourse Village was formed in 1960 pursuant to the LPHCL, at that time codified in *427 the Public Housing Law, and the then-existing General Corporation Law and Stock Corporation Law. In 1961, the General Corporation Law and Stock Corporation Law were succeeded by the Business Corporation Law (see L 1961, ch 855), while the LPHCL was moved, without material substantive change, from article XII of the Public Housing Law to article II of the Private Housing Finance Law, where it presently resides (see L 1961, ch 803). The LPHCL did not contain any analog to current Private Housing Finance Law § 13-a. In 1968, Concourse Village’s COI was amended to effect changes to stockholders’ voting rights. The amendment was effected pursuant to the LPHCL and “Section 805 of the” Business Corporation Law, thereby reinforcing the incorporators’ understanding that Concourse Village was subject to the Business Corporation Law. In 1969, nine years after Concourse Village’s formation, the legislature promulgated the N-PCL. In 1971, 11 years after Concourse Village’s formation, the legislature added section 13-a to the LPHCL (see L 1971, ch 547).
Accordingly, pursuant to section 13-a, the N-PCL does not apply to Concourse Village, since Concourse Village was never formed under the N-PCL. Instead, the Business Corporation Law governs, including Business Corporation Law § 707, which provides that a majority of a corporation’s board shall constitute a quorum, unless a greater proportion is required by the COL As discussed, Concourse Village’s COI has never required a supermajority quorum. Accordingly, Concourse Village’s bylaw amendments purporting to impose a two-thirds quorum requirement were ineffective, and the Board has always been able to, and continues to be able to, act with a quorum of a simple majority of its members.
Concur — Mazzarelli, J.E, Renwick, Feinman, Gische and Kapnick, JJ.